IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C. R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| THIS DOCUMENT RELATES TO: | |
| DONNA COOPER, | 2:13-cv-24931 |
| Plaintiff, | |
| v. | |
| C. R. BARD, INC. | |
| Defendant. | |

**SECOND AMENDED NOTICE OF DEPOSITION OF**
**DONNA COOPER**

PLEASE TAKE NOTICE THAT, pursuant to Fed R. Civ. P. 30, and for all purposes authorized by the Federal Rules of Civil Procedure and allowed by law, Defendant C. R. Bard, Inc. will take the deposition of **Donna Cooper** at **9:00 a.m. PDT** on **October 8, 2014** at **Best Western Pony Soldier-Gresham, 1060 NE Cleveland Ave. Gresham, OR 97030 (503) 665-1591.** The deposition will be taken before a court reporter duly authorized to administer oaths and will continue from day to day until the examination is completed.

PLEASE TAKE FURTHER NOTICE that the deponent is asked to bring to the deposition the documents as described in Exhibit "A" regarding the above-referenced case.

Dated: September 29, 2014          Respectfully submitted,

/s/ Lori G. Cohen
Lori G. Cohen
Georgia Bar No. 174455
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2212
CohenL@gtlaw.com

*Attorneys for Defendant C. R. Bard, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2014, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Lori G. Cohen
Lori G. Cohen
Georgia Bar No. 174455
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2212
CohenL@gtlaw.com

*Attorney for Defendant C. R. Bard, Inc.*

## EXHIBIT A

## DEFINITIONS

1. "Person" as used in these Requests means all natural persons, corporations, partnerships, trusts, or other associations, and all other entities.

2. "You" and "your" as used in these Requests means **Donna Cooper**, her representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on her behalf or under her direction or supervision.

3. "Bard" shall be deemed to include, but without limitation, Defendant C. R. Bard and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at ANY time.

4. The phrase "Bard Product" or "Bard Products" shall refer to any synthetic mesh device or devices indicated for the treatment of pelvic organ prolapse or stress urinary incontinence that (i) was/were manufactured and/or distributed by Defendant C. R. Bard, Inc. and (ii) that was/were implanted in **Donna Cooper**.

5. "Communication" means and includes any and all direct or indirect transmissions of information by any means, written, oral or otherwise.

6. "Correspondence" means and includes all letters, notes, e-mails, text messages, memoranda or other written, typewritten, printed or reproduced material.

7. "Document" as used in these Requests includes without limitation, all written, printed, typed, photostatic, photographed, recorded, telecopied, photocopied or graphic materials of any kind, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof. Without limiting the generality of the foregoing, the term "Document" includes without limitation, any book, pamphlet, binder, periodical, letter, email, text message, blog, memorandum, telegram, telex, report, envelope, intraoffice or interoffice communication, handwritten or other notes, working papers, transcription, draft, account, ledger, chart, paper, study, survey, index, tape, disc, photograph, computer printout, computer program and data files, microfilm, microfiche, correspondence, mailers, ledger cards, business cards, diaries, calendars, address and telephone records, drawings and charts and other data compilations. The term "other data compilations" includes information stored in, or accessible through, computer or other information retrieval systems, whether or not in hard copy form, together with instructions and all other materials necessary to use or interpret such data compilations. If more than one copy of any document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate document and should be separately identified.

8. "Related to" or "relating to" shall mean directly or indirectly embodying, mentioning or describing, pertaining to, referring to, consisting of, being connected with or reflecting upon a stated subject matter.

9. "The Cases" shall mean, individually and/or collectively, any of the matters of *In Re Pelvic Repair System Products Liability Litigation.*

10. "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used here includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

11. Unless otherwise specified below, the relevant time period for each Request is the period beginning three years prior to the date Donna Cooper's Bard Product or Bard Products was/were implanted until the present.

## **REQUESTS**

1. A list of all physicians and medical providers who provided care and treatment to you.

2. Any materials you have collected at any time regarding (a) Bard, (b) **Donna Cooper**'s Bard Product or Bard Products, (c) the physician or physicians who implanted **Donna Cooper**'s Bard Product or Bard Products, (d) the physician or physicians who explanted **Donna Cooper**'s Bard Product or Bard Products (if applicable) or (e) treatment options for your pelvic conditions. Such materials include, but are not limited to, any internet articles or information, journal articles, other periodicals, text books, or any other research materials, including personal notes.

3. All medical records, billing records, pathology records, and x-ray films received or maintained at any time by you.

4. All non-privileged documents created by or for you related to and/or summarizing your medical history that has been provided to doctors and/or hospitals.

5. All non-privileged correspondence and documents reflecting communications with any attorney, physician, researcher, or scientist, relating to pelvic mesh or the Cases.

6. All correspondence either sent to or received by you from physicians that in any way relate to you or this litigation.

7. All letters written on your behalf by physicians, maintained by you.

8. All email, calendars, appointment books, diaries, videos, notes, blogs, social media posts, internet websites, webpages, forums, chat rooms, chat board, support boards, message boards, sounding boards, or journals created by you that are related to or describe your medical condition, any allegations or claim in this lawsuit, the Bard device, Bard or any of its representatives, your daily activities, including but not limited to social, physical, leisure, and travel activities, your care and treatment, pelvic organ prolapse, and/or stress urinary incontinence.

9. All social media entries or postings, including but not limited to twitter, instagram, snapchat, facebook, google chat, or similar type accounts, maintained by you related to any allegations and claims in this lawsuit, the Bard device, Bard or any of its representatives, your daily activities, including but not limited to social, physical, leisure, and travel activities, your care and treatment, pelvic organ prolapse, and/or stress urinary incontinence.

10. All materials, literature, internet articles or information, journal articles, textbooks, brochures, advertisements, promotional materials letters, e-mails, blogs, Facebook posts, tweets, newsletters, social media posts, and other documents that you have reviewed, sent or received at any time and from any source that relate to your lawsuit, pelvic mesh, Bard or **Donna Cooper**'s Bard Product or Bard Products.

11. All written or recorded statements made by you regarding Bard, **Donna Cooper**'s Bard Product or Bard Products, the physician or physicians who implanted **Donna Cooper**'s Bard Product or Bard Products, and/or the physician or physicians who explanted **Donna Cooper**'s Bard Product or Bard Products (if applicable).

12. All non-privileged documents in your possession, custody, or control that are related to claims in this lawsuit against C. R. Bard, Inc..

13. All non-privileged documents reviewed by you in preparation for this deposition.

14. All documents maintained by you related to any workers' compensation, social security administration, or disability claims filed on your behalf including but not limited to any transcripts within the last 10 years.

15. All medical bills and any other documents related to your claimed damages.

16. All photographs of you that are maintained by you that were taken at any time between six months prior to the date your Bard Product or Bard Products was/were implanted and the present.

17. All non-privileged documents in your possession, custody, or control that are related to your assignment or sale of any interest in proceeds that may be recovered on your behalf, regardless of the source, as the result of any compromise, settlement, arbitration, mediation, litigation, award, judgment or verdict, or any other collection activities on your pending claims in this litigation.

18. All non-privileged documents in your possession, custody, or control that are related to any third party's efforts to help manage your care, schedule your medical appointments, connect you with medical providers or medical funding companies, or introduce you to legal counsel in connection with this litigation.

3